**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DERRICK L. SCOTT,<br>                Appellant,<br><br>        v.<br><br>DEPARTMENT OF AGRICULTURE,<br>                Agency. | DOCKET NUMBER<br>SF-0752-13-0345-I-1<br><br><br>DATE: September 10, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Derrick L. Scott, Lexington, Mississippi, pro se.

Shelley B. Mund, Esquire, Albuquerque, New Mexico, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which upheld his removal for lack of candor.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The agency converted the appellant to a career-conditional position as a Law Enforcement Officer on February 27, 2011.  Initial Appeal File (IAF), Tab 4 at 10-11.  Prior to this conversion, the appellant had a brief period of seasonal employment with the agency.  *Id*. at 31-32.  On June 28, 2012, the appellant completed a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473 while purchasing a firearm in Oregon.[2]  *Id*. at 43-45.  In doing so, the appellant certified that he was the "actual buyer," i.e. he was not acquiring the firearm on behalf of another person.  *Id*. at 43-44, 57-58.  The appellant later acknowledged that he, in fact, had acquired the firearm on behalf of another person.  *See, e.g*., *id*. at 27, 48-50.  According to the appellant, he purchased the firearm for a friend and agency Student Career Experience Program (SCEP) participant (S.J.) because she could not purchase the firearm herself as a Florida resident.  *Id*. at 48-49.  The appellant met S.J. through the SCEP, and she was still an active participant at the time of the firearm purchase.  *Id*. at 48, 52-53.

---

[2] The form is titled: Firearms Transaction Record Part I – Over-the-Counter.  *Id*. at 43.

¶3 The agency's Office of Inspector General (OIG) learned of the purchase and conducted an investigation. *See id*. at 40-42. The OIG interviewed the relevant parties before concluding that the appellant had violated federal law by making a false statement[3] on ATF Form 4473. *Id*. at 41-42 (citing <u>18 U.S.C. § 922</u>(a)(6) (it is unlawful for any person to knowingly make a false statement in connection with the acquisition of a firearm from a licensed dealer if that statement is intended or likely to deceive the dealer with respect to the lawfulness of the sale)).

¶4 On November 30, 2012, the agency placed the appellant on administrative leave, charged him with lack of candor, and proposed his removal. *Id*. at 28-29, 36. The appellant responded to the proposal verbally and in writing. *See id*. at 16, 25-27. After considering those responses, the agency removed the appellant, effective March 6, 2013. *Id*. at 15-17.

¶5 The appellant appealed his removal to the Board, alleging that he had made a mistake but that his actions did not demonstrate a lack of candor. IAF, Tab 1 at 3. He also alleged that the agency's penalty was beyond the tolerable limits of reasonableness. *Id*.

¶6 After conducting a hearing, the administrative judge affirmed the appellant's removal. IAF, Tab 31, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 4. The appellant has replied.[4] PFR File, Tab 8.

---

[3] The OIG turned over its findings to a local Assistant United States Attorney, who declined to prosecute. *Id*. at 42.

[4] Prior to his reply, the appellant requested leave to file additional evidence consisting of pictures that were previously unavailable due to difficulties with a cellular device. PFR File, Tab 5. However, it appears that the appellant filed this evidence with his reply. PFR File, Tab 8 at 7-9. Therefore, there is no need to rule on the appellant's motion.

<u>The agency met its burden of proving the lack of candor charge.</u>

¶7        The appellant argues on petition for review that he made a mistake but did not intend any wrongdoing.  PFR File, Tab 1 at 2-3.  Therefore, according to the appellant, the agency did not prove its charge.  *Id*. at 1.  The administrative judge found otherwise, and we agree.

¶8        Generally, in an adverse action appeal, the agency must prove its charge by a preponderance of the evidence.  5 U.S.C. § 7701(c)(1)(B).  A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.56(c)(2).

¶9        The administrative judge concluded that the agency met its burden of proving by preponderant evidence that the appellant knowingly[5] provided false information on ATF Form 4473 and that the information was intended or likely to deceive the gun dealer as to a material fact regarding the lawfulness of the sale, thereby displaying a lack of candor.  ID at 11.

¶10       The appellant disputes the administrative judge's finding that the appellant's account was implausible, while the gun dealer's (D.B.) account was credible.  PFR File, Tab 1 at 2-3.  However, we find the credibility determinations appropriate.  In her decision, the administrative judge properly identified the factual questions in dispute, summarized the evidence, stated which version she believed, and explained why she found the chosen version of events more credible than the other.  ID at 4-11; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing those factors to be considered by an administrative judge in resolving credibility issues).  The Board must give

---

[5] Although the agency charged the appellant with lack of candor, the associated specification alleged that he violated federal criminal statutes that require the false statements be made "knowingly."  IAF, Tab 4 at 28 (referencing 18 U.S.C. §§ 922(a)(6), 1001(a)).  Therefore, the administrative judge required the agency to prove that the appellant provided false information knowingly.  ID at 7.

deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the appellant disagrees with the administrative judge's conclusions in favor of the agency, his petition has provided no reason for the Board to overturn the judge's credibility determinations and substitute its own.

¶11        As the administrative judge observed, ATF Form 4473 unambiguously asks if the purchaser is buying a firearm for another individual, warning that, if so, the sale cannot be completed. *See* IAF, Tab 4 at 57; ID at 8-11. The appellant provided a false response. IAF, Tab 4 at 43.

¶12        When questioned by the OIG, the appellant alleged that he had only skimmed the questions on the ATF form. *Id*. at 50. However, he admitted that he knew from personal experience that a nonresident could not purchase a firearm in Oregon. *Id*. at 49-50. The appellant also admitted that, before entering the retail store, he and S.J. discussed how S.J. would select the firearm, but the appellant would complete the purchase. *Id*. at 49.

¶13        During his interview with the OIG, the appellant alleged that he relied on the statements from a Newport, Oregon deputy in thinking that he could purchase the firearm for S.J. as long as he and S.J. completed a bill of sale. *Id*. However, the appellant did not provide any corroborating evidence regarding this purported advice. *See* ID at 9. Moreover, by the time of the OIG investigation, a month after the firearm purchase, the appellant had not completed a bill of sale with S.J. IAF, Tab 4 at 50.

¶14        Months after the OIG investigation, the appellant had a second opportunity to explain his false statement on ATF Form 4473 in response to the agency's removal proposal. However, in that response, the appellant did not cite any misinformation from a local deputy and he did not specifically address the false

statement on his ATF Form 4473. *See id*. at 26-27. Instead, the appellant recalled seeing others exchange guns throughout his childhood with nothing more than a bill of sale, alleging that he was unaware that his actions were illegal. *Id*. at 27.

¶15 At his hearing, the appellant testified that, while completing the purchase, D.B. asked who the firearm was for, and that S.J. answered truthfully. Hearing Compact Disk (testimony of appellant). However, the appellant made no such claim in his OIG interview or in his written response to the removal proposal. Moreover, the gun dealer testified to the contrary. *See id*. (testimony of D.B.). D.B. asserted that he was not aware that S.J. was the "actual buyer," testifying that, if he had known that, he would not have completed the sale. *Id*.

¶16 In his petition for review, the appellant asserts several reasons for crediting his version of events over that of D.B. PFR File, Tab 1 at 2-3, Tab 8 at 3. The appellant notes the possible ramifications of his knowingly violating the law in suggesting it improbable that his actions were anything other than a mistake and also claims he had no profit to gain from the purchase of the gun. PFR File, Tab 1 at 3. Claiming that he and D.B. both had a lot to lose by violating the law, the appellant suggests his version of events should have been credited as much as that of D.B. *Id*. However, in light of the entire record, we find that these arguments do not warrant disturbing the administrative judge's determinations. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (declining to grant a petition for review that failed to identify any internal inconsistency or inherent improbability in the factual findings of the administrative judge or other basis sufficient to overcome the special deference which reviewing bodies must necessarily accord the factual determinations of the original trier of fact).

¶17 We are not persuaded by the appellant's argument that he did not know that his purchase plan was unlawful. *See* PFR File, Tab 1 at 2-3, Tab 8 at 3. Similarly, we are not persuaded by the appellant's insinuation that he simply

made a mistake in completing ATF Form 4473, given his premeditated purchase plan with S.J.  *See* PFR File, Tab 1 at 2-3.  Accordingly, we concur with the administrative judge's conclusion that the agency proved its charge.

A charge of lack of candor is not limited to statements made during an administrative investigation.

¶18    The appellant asserts that he was forthcoming throughout the administrative inquiry into his false statement on ATF Form 4473 and, therefore, the lack of candor charge cannot be sustained.  PFR File, Tab 1 at 1-3, Tab 8 at 3-4.  According to the appellant, a lack of candor charge is only appropriate when an individual is not forthcoming in an administrative investigation.  PFR File, Tab 1 at 1-2.  We disagree.

¶19    It is true that the cases the appellant cites involve a lack of candor in an administrative investigation.  *Id*. at 1 (citing *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 2 (2000),[6] *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002); *Boyd v. Department of Justice*, 14 M.S.P.R. 427, 428-29 (1983)).  However, those cases do not stand for the proposition that a lack of candor charge must relate to statements made during an administrative investigation.  Additionally, it is well-settled that an agency may take disciplinary action for an employee's off-duty misconduct.  *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987) (an agency can show a nexus between off-duty misconduct and the efficiency of the service by three means:  (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission); *see also Harrison v. U.S. Postal Service*, 26 M.S.P.R. 37, 38, 40 (1985) (upholding

---

[6] In *Ludlum*, we noted that the proposing official testified that a lack of candor charge meant a failure to answer fully and truthfully to questions posed in an administrative inquiry.  *See* 87 M.S.P.R. 56, ¶ 2.  However, the Board did not adopt this definition to limit the potential situations in which an employee may be so charged.  *See id*.

the removal of an employee for submitting false information to the D.C. Department of Employment Services in order to receive unemployment benefits); *Gamble v. U.S. Postal Service*, 6 M.S.P.R. 578, 579-82 (1981) (upholding the removal of an employee for dishonest conduct in failing to inform the Pennsylvania Department of Welfare, from which his wife was receiving benefits, that he was employed with the agency).

¶20      As the administrative judge noted, dishonest conduct raises serious doubts about an employee's reliability, veracity, and trustworthiness.  ID at 12; *see, e.g.*, *Scott v. Department of Justice*, 69 M.S.P.R. 211, 240-41 (1995), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table).  Moreover, as a law enforcement officer, the appellant's misleading statements impaired his ability to testify in trials.[7]  ID at 12.  Accordingly, the administrative judge concluded that a nexus exists between the appellant's removal for off-duty lack of candor on ATF Form 4473 and the efficiency of the service.  ID at 12.  We agree.

The penalty of removal was within the tolerable limits of reasonableness.

¶21      The appellant acknowledges that some form of disciplinary action was warranted, but argues that removal was not a reasonable penalty.  PFR File, Tab 1 at 3, Tab 8 at 4.  We disagree.

¶22      In *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 305-07 (1981), the Board recognized a number of relevant factors in determining that a penalty is within the tolerable bounds of reasonableness.  Where, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to

---

[7] Under *Giglio v. United States*, 405 U.S. 150 (1972), investigative agencies must turn over to prosecutors potential impeachment evidence regarding the agents involved in the case.  *See Rodriguez v. Department of Homeland Security*, 108 M.S.P.R. 76, ¶ 29 n.3 (2008), *aff'd*, 314 F. App'x 318 (Fed. Cir. 2009), *overruled on other grounds by Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453 (2011).  The prosecutor then exercises his discretion as to whether the impeachment evidence must be turned over to the defense.  *Id*.  A "*Giglio* impaired" agent is one against whom there is potential impeachment evidence that would render the agent's testimony of marginal value in a case.  *Id*.

determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Adam v. U.S. Postal Service*, [96 M.S.P.R. 492](#), ¶ 5 (2004), *aff'd*, 137 F. App'x 352 (2005). In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Id*. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Id*. It is not the Board's role to decide what penalty it would impose but, rather, whether the penalty selected by the agency exceeds the maximum reasonable penalty. *Id*., ¶ 7.

¶23        In weighing relevant factors, the agency acknowledged that the appellant had no history of discipline and that he had met performance expectations. IAF, Tab 4 at 19-20, 31-32. However, among other things, the agency also considered the nature and seriousness of the offense, the fact that the appellant's lack of candor eroded the trust of his supervisory chain of command, and the fact that his actions impaired the usefulness of his testimony as a law enforcement officer in future legal proceedings. *Id*. at 18-20, 30-32.

¶24        The appellant's argument in favor of mitigating the penalty is premised on the assertion that he was forthcoming throughout the agency's administrative investigation. PFR File, Tab 1 at 2-4, Tab 8 at 4-5. However, by discrediting the appellant's version of events and finding that the agency proved its charge, the administrative judge determined that the appellant was not forthcoming. *See* ID at 8-11. Moreover, to the extent that the appellant was forthcoming by making some admissions during the agency's investigation, we do not find his decision to admit to certain incontrovertible facts, such as the content of the ATF Form 4473 that he signed, establishes his trustworthiness. Accordingly, we agree with the

administrative judge's conclusions that the agency weighed the relevant factors and that the penalty of removal was within the tolerable limits of reasonableness.

The Board will not consider the evidence the appellant submitted for the first time on review.

¶25  The appellant submitted several pieces of evidence with his petition for review.  PFR File, Tab 1 at 7-33, Tab 8 at 7-9.  However, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  5 C.F.R. § 1201.115(d).

¶26  Here, the appellant provided no explanation for the late filing of the newly submitted evidence in his petition for review.  *See* PFR File, Tab 1 at 1-6.  For the newly submitted evidence in his reply, July 2012 text messages between the appellant and S.J. discussing the need to complete a bill of sale for the purchased firearm, he alleges that they were previously unavailable due to trouble with a cellular device.  PFR File, Tab 5, Tab 8 at 3, 7-9.  Nevertheless, the information from those messages is neither new nor material.  Therefore, we find that none of his evidence meets the requisite criteria of new and material evidence that was not previously available despite due diligence, and we will not consider it.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.